## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cr-10110 |
| ) | |
| BRIAN L. BURNSIDE, ) | |
| ) | |
| Defendant. ) | |

## **INDICATIVE ORDER**

This matter is before the Court on Defendant Brian Burnside's second *pro se* request for compassionate release (dkt. 155) and his counseled Second Amended Motion for Compassionate Release (dkt. 156). The Government has responded (dkt. 162) and Probation has filed a recommendation (dkt. 159) at the Court's direction. Defendant also filed a supplemental brief at the Court's request. (Dkt. 163). This matter is ripe for review.

Due to Defendant's pending appeal, the Court lacks jurisdiction to grant the Motion at this time. However, should the Seventh Circuit remand the case, the Court would grant Defendant's Motion for relief under 18 U.S.C. § 3582(c)(1)(A).

### BACKGROUND

In September 2007, Defendant was charged with possession of at least 50 grams of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Dkt. 8). The Government sought a sentencing enhancement and filed a notice of intent to use evidence of his prior felony drug convictions pursuant to

21 U.S.C. § 851. (Dkt. 10). Defendant pleaded guilty, and, in December 2008, was sentenced to the statutory mandatory minimum of life imprisonment to be followed by 10 years of supervised release. (Dkt. 52, 53). In July 2020, the Court partially granted Defendant's request for relief under the First Step Act of 2018, reducing his sentence to 240 months' imprisonment to be followed by 8 years of supervised release. (Dkt. 134). Defendant is currently projected to be released on September 25, 2024. (Dkt. 162 at 3).

This is Defendant's second motion for compassionate release. Defendant first requested compassionate release in October 2020 (dkt.136, 137); after appointing counsel and considering all relevant factors, the Court denied the motion. (Dkt. 143). In its Order denying compassionate release, the Court accepted the Government's concession that Defendant could demonstrate an "extraordinary and compelling reason" due to his underlying obesity coupled with the threat of COVID-19, but it found the 18 U.S.C. § 3553(a) factors weighed against release. (Dkt. 143 at 5–7). Defendant's appeal of that Order is currently pending. *See United States v. Burnside*, No. 20-3387 (7th Cir. filed Dec. 9, 2020).

In the instant Motion, Defendant indicates he has since tested positive for COVID-19 amidst an outbreak of cases at Federal Correctional Institution (FCI) Oxford, where he is incarcerated. (Dkt. 155; Dkt. 156 at 1–3). At the time of the Court's November 2020 Order, there were 15 active COVID-19 cases among the inmate population at FCI Oxford, 9 active cases among staff, and no reported deaths; 586 inmates and 43 staff members had been previously infected and recovered. (Dkt.

143 at 2). Currently, there is 1 active COVID-19 case among the inmate population, no active cases among staff, and no reported deaths; 712 inmates and 75 staff members were previously infected and have recovered. *COVID-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 2, 2021).[1] In other words, more than 75% of FCI Oxford inmates have now been infected.[2] The COVID-19 vaccine has not yet been administered at FCI Oxford. *COVID-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 2, 2021).[3]

Defendant, 53, suffers from obesity (BMI of 34.1). (Dkt. 140 at 12). He tested positive for COVID-19 on December 1, 2020 (dkt. 160 at 28, 64), and BOP reports he

---

[1] The BOP website contains the following disclosure:
> These data are compiled from a variety of sources and reviewed by BOP Health Services staff before documented for reporting. **Not all tests are conducted by and/or reported to BOP.** The number of positive tests at a facility is not equal to the number of cases, as one person may be tested more than once. The number of tests recorded per site reflects the number of persons at the specific facility who have been tested, whether at that site or at a prior facility.

*COVID-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 2, 2021) (emphasis in original). The website further indicates there have been 905 COVID-19 tests conducted at FCI Oxford, 3 are pending, and there has been a total of 732 positive tests. *Id.*

[2] FCI Oxford has a total of 927 inmates, 837 of whom are housed in the Federal Correctional Institute and 90 of whom are housed at the adjacent minimum security satellite camp. *FCI Oxford*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/oxf/ (last visited Feb. 2, 2021).

[3] The BOP website contains the following information about vaccine data:
> The information in this area of the resource page is updated each weekday at 3:00pm EDT. It's compiled from a variety of sources and reviewed by BOP Health Services staff before documented for reporting. The locations in the table below have received allocations of the vaccine. The numbers in the table only reflect staff and inmates that have completed both doses (fully inoculated). Staff who received their vaccination in the community rather than a BOP facility, are not reflected in the numbers below.

*COVID-19*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 2, 2021).

3

had recovered by December 14, 2020 (dkt. 162-1). As of December 17, 2020, Defendant reported he was still experiencing complications including chest pain, trouble breathing, headaches, and bone pain. (Dkt. 156 at 3; Dkt. 158 at 2). Defendant also reports that inmates are unable to self-segregate to avoid potential reinfection. (Doc. 156 at 2, 3; Dkt. 158 at 2).

In light of the increase in COVID-19 cases in Defendant's facility, Defendant's own COVID-19 diagnosis, and the risk of reinfection coupled with his previously established underlying condition, Defendant again seeks compassionate release. (Dkt. 156 at 2–3). If released, Defendant proposes residing with his mother, a placement Probation finds suitable. (Dkt. 159 at 1).

## LEGAL STANDARD

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to ask the sentencing court for compassionate release. Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5239. The decision whether to grant compassionate release is within a district judge's discretion, the standard for which is set by § 3582(c)(1)(A). *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). Under the statute, there are three requirements.

First, a defendant may not bring a compassionate release motion until either (a) the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (b) 30 days lapse "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). This administrative exhaustion requirement,

though not a jurisdictional prerequisite, is a mandatory claims-processing rule that must be enforced when properly invoked. *United States v. Sanford*, ___ F. 3d ___, No. 20-2445, 2021 WL 236622, at *3 (7th Cir. Jan. 25, 2021).

Second, the defendant must either be at least 70 years of age and have served 30 years of the sentence for which the defendant is currently imprisoned, § 3582(c)(1)(A)(ii), or demonstrate "extraordinary and compelling reasons warrant" compassionate release, § 3582(c)(1)(A)(i). An outdated policy statement issued by the United States Sentencing Commission, U.S.S.G. § 1B1.13, though not currently binding on district judges, provides a "working definition of 'extraordinary and compelling reasons' " that can "guide [judicial] discretion without being conclusive." *Gunn*, 980 F.3d at 1180.

Third, the Court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A).

## DISCUSSION

### I. Jurisdiction

The Government first argues this Court lacks jurisdiction to grant Defendant's Motion for Compassionate Release while the appeal of his earlier motion for release is pending. (Doc. 162 at 1). Filing a notice of appeal ordinarily divests a district court of jurisdiction over the matters involved in the appeal. *United States v. Ramer*, 787 F.3d 837, 838 (7th Cir. 2015); *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). This is a "judge-made doctrine designed to avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Terket v.*

*Lund*, 623 F.2d 29, 33 (7th Cir. 1980). There are limited exceptions to this jurisdictional rule, *see Ramer*, 787 F.3d at 838, but Defendant does not argue (*see* doc. 163 at 2), and the Court does not find, that one applies here.

Many district courts faced with a similar situation have concluded they lack jurisdiction to grant a motion for compassionate release while an appeal of a related matter is pending. *See United States v. Gourdine*, No. 610-CR-001, 2020 WL 3960824, at *2 (S.D. Ga. July 13, 2020) ("Because the appeal of Gourdine's first motion for compassionate release remains pending before the Eleventh Circuit, this Court is without jurisdiction to consider his second motion for compassionate release."); *United States v. Alam*, No. 15-CR-20351, 2020 WL 4218209, at *2 (E.D. Mich. July 23, 2020) (recounting previous finding that the court lacked jurisdiction to grant Defendant's second motion for compassionate release until Court of Appeals issued a mandate for the appeal of the first); *see also United States v. Cribbs*, No. 8-CR-1320, 2020 WL 6470181, at *1 (N.D. Iowa Nov. 3, 2020) (finding that the court lacked authority to grant a motion for compassionate release because of a pending appeal of a motion under the First Step Act); *United States v. Bays*, No. 3:13-CR-0357, 2020 WL 5370550, at *2–3 (N.D. Tex. Sept. 8, 2020) (finding the court lacked jurisdiction over a motion for compassionate release when a direct appeal of the sentence was pending; collecting cases). So too here, although Defendant presents new facts or "changed circumstances" in support of his instant Motion for Compassionate Release, it nevertheless raises similar core issues as those on appeal: his eligibility for release under § 3582(c)(1)(A) in light of COVID-19 risks and the § 3553(a) sentencing factors. The Court therefore concludes it lacks jurisdiction to grant Defendant's second Motion for Compassionate Release.

Where a district court lacks jurisdiction due to a pending appeal, Federal Rule of Criminal Procedure 37 nevertheless permits the court to: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). The advisory committee notes specifically list "motions under 18 U.S.C. § 3582(c)" as one of the types of motions for which the drafters "anticipate[ ] that Criminal Rule 37 will be used primarily." Fed. R. Crim. P. 37 advisory committee's note (2012).

Because of the importance of the issues involved in Defendant's present Motion, Defendant requests that the Court issue an "indicative ruling" under Rule 37(a)(3) rather than denying or deferring consideration of the Motion. (Dkt. 163 at 3). Other district courts have taken this route in the same situation, *see, e.g., Gourdine*, 2020 WL 3960824; *United States v. Johnson*, 464 F. Supp. 3d 22, 34 (D.D.C. 2020); *United States v. Green*, No. 416-CR-059, 2020 WL 5733200, at *1 (S.D. Ga. Sept. 24, 2020); *United States v. Walls*, 455 F. Supp. 3d 461, 464 (E.D. Mich. 2020), and the Court agrees such a ruling is appropriate here. The Court will therefore proceed to the merits of Defendant's second Motion for Compassionate Release for the purpose of issuing an indicative ruling under Rule 37(a)(3).

II. Analysis

Regarding the merits of Defendant's Motion, there is no dispute that Defendant has (1) satisfied the administrative exhaustion requirement and (2) demonstrated "extraordinary and compelling" circumstances. Before filing this second Motion for Compassionate Release, Defendant submitted a compassionate release request to the warden and waited at least 30 days, thus satisfying the

exhaustion requirement. (Dkt. 162 at 9–10). The Government also concedes that in this Motion, just as in his first, Defendant has established that his underlying obesity coupled with the risk of contracting COVID-19 is an "extraordinary and compelling reason" for release (Dkt. 162 at 5–6).

In its Order denying Defendant's first motion for compassionate release, the Court concluded that the § 3553(a) factors weighed against reducing Defendant's sentence to time served. (Dkt. 143 at 7). Specifically, the Court determined that releasing Defendant at that time would not reflect the seriousness of his offense or status as a career offender, and that Defendant's promising signs of rehabilitation in prison and family support did not offset his notable history of recidivism. (Dkt. 143 at 7, 8). The undersigned continues to believe some of the § 3553(a) factors weigh steadily against release; although Defendant's brother's remarkable rehabilitation after release from prison is highly commendable (*see* dkt. 158 at 1), Defendant cannot rely on his brother's demonstrative path as necessarily indicative of his own aspirational path following his release from custody.

At the same time, the Court noted its previous denial was a "difficult decision and a harsh result." (Dkt. 143 at 7). In light of the exacerbated circumstances Defendant now presents, the Court is moved to holistically consider Defendant's eligibility for a sentence reduction under § 3582(c) in new light. Defendant already established an "extraordinary and compelling reason" on account of his obesity increasing his risk of serious illness from COVID-19; the high infection rate in the prison and his potential for reinfection, though not independent reasons for release,

8

certainly add urgency to his already established basis for relief. The health risks and illness Defendant has now endured in prison have made his sentence more severe than was contemplated when it was imposed, or even when the Court denied his previous motion for release. The undersigned also wishes to recognize and encourage Defendant's significant steps toward rehabilitation during his more than thirteen years in prison.[4] (*See* dkt. 143 at 6 (citing dkt. 134 at 5)).

Therefore, in the spirit of the § 3553(a) directive to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth therein, the Court has again considered the applicable § 3553(a) factors and finds that the "extraordinary and compelling reasons" Defendant presents warrant a reduction in his term of imprisonment under the compassionate release statute, § 3582(c). In consideration of the existing COVID-19 scourge and the present danger to Defendant's compromised health in prison, the Court finds the purposes of Defendant's sentence can be adequately served by placing him in home confinement. Thus, were this matter to be remanded back to this Court, the Court would reduce Defendant's custodial sentence to time served and impose a two-year period of home confinement as a priority condition of supervised release.

## CONCLUSION

This is an indicative order pursuant to Rule 37(a)(3) due to Defendant's pending appeal. Should the Seventh Circuit remand this case, the Court would order

---

[4] In its previous Order, the Court noted that Defendant has served more than 65% of his 240-month custodial sentence; when good time credit is accounted for, Defendant has served more than 80%. (Dkt. 143 at 6).

the following: Defendant's emergency request for compassionate release (dkt. 155) and his counseled Second Amended Motion for Compassionate Release (dkt. 156) are GRANTED; Defendant's custodial sentence is REDUCED to time served, and he SHALL serve a 24-month term of home confinement as a priority special condition of supervised release.

SO ORDERED.

Entered this 4th day of February 2021.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge